## BUCKLEY, Respondent, *v.* MANIFE & RUNNELS, Appellants.

Under the statute, a defendant cannot be a witness for his co-defendant where the defence is general, and would operate in discharge of both.

And the rule is the same, where but one defendant is upon trial, the other not having been served with process in time.

APPEAL from the District Court of the Sixth Judicial District.

The complaint in this case set forth, that the said defendants (the said Manife as principal, and Runnels as surety), on the 6th July, 1851, entered into an agreement with the plaintiff, by the description of L. R. Buckley & Co., whereby a copartnership was formed for cutting hay; by the terms of which agreement, plaintiff agreed to lend the said Manife such an amount of money not exceeding $1000, as might be necessary on his part of the business, which the said Manife bound himself, and the said Runnels as surety bound himself, jointly with the said Manife, to repay to said Buckley, plaintiff, with interest, &c., and that under the said agreement the plaintiff did advance said Manife, $1000; which the said defendants were bound to repay, and that there is due of the sum so advanced $560, for which he prays judgment, &c.

The summons issued in the case was served upon Runnels, but was not served upon Manife in proper time to make him a party, and the trial was prosecuted against Runnels alone.

In the course of the trial the defendant, Runnels, offered in evidence the deposition of Manife his joint debtor, but not a party on the record; to which plaintiff objected, and the court rejected the deposition, and the defendant excepted, which formed the only point considered by this court on the appeal by defendant.

The ground of objection urged by plaintiff was, that Manife was the principal in the obligation sued on, and was jointly liable upon it, and though not served was a party to the suit.

*Batston* and *Sutherland*, for appellants.

The District Court erred in rejecting Manife's deposition.   The

record shows that Buckley and Manife, were copartners, &c., that Runnels endorsed as security for Manife, to repay Buckley for advances which he might make to Manife. That Buckley sued Runnels on the agreement, and joined Manife, but did not serve him with the process, in time to make him a party to the trial.

The rule of common law, which excludes the evidence of witnesses interested in the event of the suit, does not apply in this State. Acts 1851, p. 113, sect. 392; a co-plaintiff, or co-defendant, may be examined on the part of his co-plaintiff, or co-defendant. Ib. 118, sect. 423.

Both were sued jointly, but Runnels alone was on trial,—and Runnels was a mere security. The object of the legislature was to relax the rigor of the common law, and this case comes clearly within the rule as modified by the statute. The appellant is a stranger to the co-partnership transaction of Manife, and the respondent Buckley, out of which the transaction springs, and calls on his co-defendant, who is the partner of the plaintiff, to testify, he not being on trial.

*Kently, Heard,* and *Wallace,* for respondent.

The defendant Manife being principal, and Runnels surety, the former was interested in the event of the suit, and it was defended for his immediate benefit; he was, therefore, incompetent to testify. Dodge *v.* Averill, 5 H. Pr. R. 11; Ib. 223, 281; Stats. 1851, p. 13, sect. 393.

Defendants were sued on a joint contract, and a joint indebtedness having been established, one is not a competent witness for the other. 2 Code Rep. 33; Selkirk *v.* Walters, 5 H. Pr. Rep. 297. The contract is joint, and the judgment cannot be several. Ib.

HEYDENFELDT, Justice, delivered the opinion of the court. MURRAY, Chief Justice, concurred.

We have heretofore decided, that under the statute a defendant cannot be a witness for his co-defendant, when the defence is general, and would operate in discharge of both. It is now urged, that in the present case but one defendant was upon trial,

the other not having been served with process in time.   But this cannot alter the rule.   A verdict upon the issue, which appears on the record in favor of one defendant, would be conclusive in an action against the other.

Judgment affirmed.